Joseph C. Faucher, CSB No. 137353
Brian D. Murray, CSB No. 294100
TRUCKER ✦ HUSS
A Professional Corporation
15760 Ventura Blvd., Ste. 910
Encino, California 91436
Telephone:  (213) 537-1016
Facsimile:   (213) 537-1020
E-mail:  jfaucher@truckerhuss.com
            bmurray@truckerhuss.com

Attorneys for Plaintiff
THE HUNTINGTON LIBRARY, ART MUSEUM,
AND BOTANICAL GARDENS, as Administrator of
The Huntington Library, Art Collections, and Botanical
Gardens 403(b) Savings and Retirement Plan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HUNTINGTON LIBRARY, ART MUSEUM, AND BOTANICAL GARDENS, as Administrator of The Huntington Library, Art Museum, and Botanical Gardens 403(b) Savings and Retirement Plan,<br><br>Plaintiff,<br><br>vs.<br><br>YVONNE MASON, an individual; LINDA DELUNA, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  5:23-cv-00032<br><br>**COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF** |

Plaintiff, THE HUNTINGTON LIBRARY, ART MUSEUM, AND BOTANICAL GARDENS, as Administrator of The Huntington Library, Art Collections, and Botanical Gardens 403(b) Savings and Retirement Plan ("Plaintiff") alleges, all on information and belief, as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for interpleader and declaratory relief pursuant to Section 502(a)(3) of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3); Federal Rule of Civil Procedure 22; and 28 U.S.C. § 2201. This Court has subject matter jurisdiction over this action pursuant to Section 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f).

2. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b)(2), because Plaintiff is located in this District and the employee benefit plan that is the subject matter of this action is administered in this District, and the disputed assets that are the subject of this interpleader action.

## INTRADISTRICT ASSIGNMENT

3. Assignment to the Western Division is appropriate because Huntington is located within this Division and the employee benefit plan at issue here is administered within this Division.

## THE PARTIES

4. Plaintiff The Huntington Library, Art Museum, and Botanical Gardens ("Plaintiff" or "Huntington") is an independent non-profit organization that is exempt from income tax pursuant to Internal Revenue Code § 501(c)(3). Huntington is also the sponsor and administrator of The Huntington Library, Art Museum, and Botanical Gardens 403(b) Savings and Retirement Plan (the "Plan"). Plaintiff brings this action in its capacity as the "administrator" of the Plan, as that term is defined by ERISA § 3(16)(A) (29 U.S.C. § 1002(16)(A)). The Plan is an employee pension benefit plan within the meaning of ERISA § 3(2)(A) (29 U.S.C. § 1002(2)(A)). Plaintiff's principal place of business is located in the City of San Marino, California, and within this

judicial district. The Plan maintains custody of the assets that are subject to the dispute in this interpleader action within this judicial district.

5. Plaintiff is informed and believes and thereupon alleges that Defendant YVONNE MASON ("Yvonne") is an individual who resides in the Borough of Juneau, State of Alaska.

6. Plaintiff is informed and believes and thereupon alleges that Defendant LINDA DELUNA ("Linda") is an individual who resides in the County of San Bernardino, State of California.

## STATEMENT OF THE CASE

7. Plaintiff is informed and believes and thereupon alleges that Yvonne and Linda are the nieces of Henry L. Mason ("Henry"), who died in or about August 2022. Plaintiff is further informed and believes that, at the time of his death, Henry was unmarried. At the time of his death, Henry was a participant in the Plan, and had a positive account balance in the Plan.

8. Plaintiff is informed and believes that prior to November 2021, the sole beneficiary of record in Henry's account in the Plan was Yvonne.

9. Plaintiff is informed and believes and thereupon alleges that on or about November 20, 2021, Henry executed a new Beneficiary Designation Form relative to his account in the Plan (the "November 2021 Beneficiary Designation"). In the November 2021 Beneficiary Designation, Henry designated Yvonne and Linda, each as 50% beneficiaries, as the beneficiaries of Henry's account in the Plan.

10. On or about September 28, 2022, Yvonne contacted Plaintiff in writing, stating her position that the November 2021 Beneficiary Designation was invalid and that Henry's account in the Plan should not be distributed pursuant to that November 2021 Beneficiary Designation. Plaintiff is informed and believes and thereupon alleges that Yvonne contends that at the time he executed the November 2021 Beneficiary Designation, Henry lacked sufficient capacity to execute that form, and/or executed the form as the result of undue influence.

11. Plaintiff is informed and believes that Yvonne contends that she is the sole rightful beneficiary of Henry's account in the Plan, notwithstanding the provisions of the November 2021 Beneficiary Designation.

## **FIRST CLAIM FOR RELIEF**

(For Declaratory Relief Pursuant to ERISA § 502(a)(3),

29 U.S.C. § 1132(a)(3))

12. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

13. Plaintiff is obligated to pay the benefits attributable to Henry's account in the Plan (the "Benefits") to the person(s) to whom the Benefits properly belong under the terms of the Plan, less any applicable taxes and legal fees or costs. Upon payment of the Benefits, Plaintiff must report the distribution of the Benefits and the recipient's taxpayer identification number to the Internal Revenue Service for tax purposes.

14. With respect to Plaintiff's obligation to provide the Benefits to the person(s) to whom the Benefits belong under the terms of the Plan, an actual controversy has arisen and now exists among the Defendants with respect to the proper recipient(s) of the Benefits with each Defendant contending he or it has a right to some or all of the Benefits. Specifically, Plaintiff is informed and believes and thereupon alleges that (1) Yvonne contends she is entitled to 100% of the Benefits, and (2) Linda contends that she and Yvonne are each entitled to 50% of the Benefits.

15. Plaintiff has no claim to the Benefits and is a disinterested stakeholder relative to the Benefits.

16. Plaintiff hereby seeks an order from the Court adjudicating the respective rights and interests of Defendants in the Benefits, if any, and directing Plaintiff and its agents with respect to the manner in which the Benefits are to be distributed.

17. Plaintiff further requests that, in order for the Benefits to maintain any tax deferred benefit that they may have, and to avoid any potential adverse tax

consequences that may result from interpleading the Benefits with the register of the Court, the Court should order that the Benefits, less any fees and costs that Plaintiff is entitled to recover from Henry's account in the Plan, should remain in the Plan trust account pending the Court's order with respect to the proper beneficiary/beneficiaries of Henry's account in the Plan.

WHEREFORE, Plaintiff prays for relief as follows:

1. For an order (1) declaring the proper beneficiary/beneficiaries of Henry's account in the Plan at the time of Henry's death, and the respective share(s) to be distributed to said beneficiary/beneficiaries, and; (2) directing Plaintiff to pay the Benefits to the beneficiary/beneficiaries found by the Court to be entitled to the Benefits, less payment of Plaintiff's reasonable costs and attorney fees incurred in bringing this action from Henry's account in the Plan;

2. For an order discharging Plaintiff, the Plan and all of their respective agents from liability in excess of payment of the Benefits to the beneficiary or beneficiaries found by the Court to be entitled to the Benefits;

3. For an order restraining both of the Defendants from commencing action in any Court against Plaintiff, the Plan or any of their agents relating to the Benefits, other than the ability to assert their respective rights in this litigation;

///
///
///
///
///
///
///

4. For an order awarding Plaintiff its reasonable costs and attorney fees incurred in bringing this action, which fees and costs should be paid from the Benefits that are the subject of this action, and;

5. For such other and further relief as the Court may deem just and proper.

DATED: January 9, 2023                    TRUCKER ✦ HUSS

By: */s/ Joseph C. Faucher*
Joseph C. Faucher
Attorneys for Plaintiff
THE HUNTINGTON LIBRARY,
ART COLLECTIONS, AND
BOTANICAL GARDENS,
as Administrator of
The Huntington Library,
Art Collections, and Botanical
Gardens 403(b) Savings and
Retirement Plan